HARVEY E. ORR, Appellant, *v.* THE ARTO COMPANY, Respondent.

Supreme Court, Appellate Term, First Department, November Term — Filed December, 1922.

**Principal and agent — commissions on sale of corporate stock — when prima facie case made out — evidence — corporations — admissibility of letter purporting to be signed by corporation's president — when binding on company.**

Upon the trial of an action to recover commissions alleged to have been earned by plaintiff on sales of shares of the capital stock of the defendant a letter dated June 13, 1921, from plaintiff to the president of defendant and his answer thereto received by plaintiff the next day, upon being offered in evidence by plaintiff were excluded on defendant's objection that they were a piece of correspondence in the course of negotiations for a settlement and that no authority had been shown in the writer of defendant's letter to write the same. Thereupon plaintiff rested and defendant's motion to dismiss was denied. Defendant rested and the trial judge upon holding that an agreement between plaintiff and defendant signed on April 21, 1921, to the effect that the rate of

**45**

commission on any stock previously sold or thereafter to be sold would be twenty per cent on all moneys actually paid thereon, granted defendant's motion for the direction of a verdict in its favor. *Held*, that in view of defendant's concession that subscriptions received by defendant through plaintiff's salesmen amounted to a certain number of shares of a par value of $53,200, on which admittedly, plaintiff was entitled to a commission of five per cent and that plaintiff personally obtained subscriptions for a certain number of shares of a par value of $1,200 on which he was entitled to a commission of twenty-five per cent and after all payments made by defendant there was an unpaid balance, the plaintiff had made out a *prima facie* case which required rebuttal, and the judgment directed in favor of defendant will be reversed and a new trial ordered.

The letter which plaintiff, at the suggestion of defendant's treasurer, wrote to defendant's president relative to the non-payment of the plaintiff's commission account together with the president's reply letter, was competent proof on the main question as to when and what basis plaintiff's commissions were payable and the letters were improperly excluded; had they been received in evidence plaintiff's proof would have been augmented and the motion for a directed verdict would doubtless have been denied notwithstanding the agreement of April 21, 1921, which was improperly received over the plaintiff's objection and exception.

APPEAL by plaintiff from a judgment entered upon a verdict directed in favor of defendant in the City Court of the city of New York.

*Maxwell Arent*, for appellant.

*Abraham A. Hoffman*, for respondent.

DELEHANTY, J. The action is to recover commissions alleged to have been earned by plaintiff on the sale of shares of the capital stock of the defendant company. It is conceded that in the month of September, 1920, plaintiff was employed by defendant under an agreement whereby he was placed in charge of a corps of salesmen for the purpose of selling to the public on a partial payment plan a certain part of the capital stock of defendant and that the compensation to be paid him for his services was five per cent on the par value of $100 of all stock subscriptions obtained by and through the efforts of the salesmen and twenty-five per cent on all subscriptions obtained individually by plaintiff, it being the contention of plaintiff that these commissions were to be paid upon the procuring and delivery to defendant of the subscriptions in question. The defense interposed is that the contract of hiring provided that the commissions to be paid plaintiff were to be estimated on all sums of money actually paid in by subscribers to the stock in the defendant corporation on subscriptions obtained by plaintiff or his salesmen. It was conceded by defendant on the trial that subscriptions for 532 shares of such stock obtained by the salesmen were turned into defendant by plaintiff together with a subscription for 12 shares obtained by plaintiff personally. Plaintiff testified that in

May or June, 1921, Siggins, secretary of defendant, checked up plaintiff's account and found due him $1,860 and told him to see Evans, the treasurer, which plaintiff did and that Evans said " we admit owing you this amount and would like to settle with you now but we haven't got the money to do it." He suggested that plaintiff should write a letter to the company. This plaintiff did as follows:

*" June* 13, 1921.

" THE ARTO CO.,
      " Central Avenue,
           " West Orange, N. J.:
"Attention Mr. G. Howlett Davis, Pres.

    " GENTLEMEN.— In checking up my commission account on sales of Arto Co. stock sold by me through the New York office sales force, I find there is due me approximately, $2,010.00 but am willing to accept Mr. Siggins' figures of $1,860.00. Mr. Evans refuses to O. K. these figures, giving for his reason that he understood from you that I was on a separate basis from the other salesmen, that is, that I was to receive 5% commission on actual monies received from stock sales.

"As a matter of fact, the sales plan was this: I was to receive 25% commissions on all sales of stock sold through the New York office, paying my salesmen 20% commission.

    " In view of the fact that a settlement has been made with the salesmen on this basis I expect a like settlement, and I will accept $1,500 cash to be paid at the rate of $50 a week, beginning Saturday, June 18, 1921 and the balance of $360 in Arto Co. stock — 5 shares at $75 a share to be delivered to me within ten days.

    " I request your immediate acceptance or refusal of this settlement as my plans for the future will necessitate my absence from New York, and unless quick action is taken I will be compelled to place the matter in the hands of my attorney whom I have already consulted.

                    " Yours very truly,
" 158 N. Walnut St.,         " .....................
      " East Orange, N. J.
          June 13, 1921."

As an answer to this letter plaintiff received the following:

" ORANGE, N. J., *June* 14 /21

" Mr. H. E. ORR,
      " 158 N. Walnut Street,
           " East Orange, N. J.:

    " DEAR MR. ORR.— I beg to say that to the best of my knowledge and belief your letter of June 14, is a true and correct statement of

our arrangement with you, and your offer of settlement is fair and liberal and. I shall recommend same for acceptance and payment by our treasurer and General Manager, Mr. R. D. Evans.

" Yours very truly,<br>
" THE ARTO CO.,<br>
" G. HOWLETT DAVIS,<br>

" GHD.C                                                    *President.*"

These letters were offered in evidence by plaintiff but excluded on objection of defendant on the ground that they were a piece of correspondence in the course of negotiations for a settlement and no authority shown in the writer of defendant's letter to write the same. Thereupon plaintiff rested and defendant's motion to dismiss was denied. Defendant then rested and moved for a directed verdict and that motion was granted, the trial judge holding that the agreement between plaintiff and defendant signed on April 21, 1921, to the effect that the rate of commission on any stock previously sold or thereafter to be sold would be twenty per cent on all moneys actually paid thereon. There are several errors assigned by plaintiff for a reversal of this judgment and there is considerable merit back of each of them. The real issue between the parties was *first*, as to when plaintiff's commissions became payable, and *second*, whether such commissions were to be based on moneys actually paid by subscribers or only on the par of their subscriptions. In view of defendant's concession that subscriptions received by defendant through plaintiff's salesmen amounted to 532 shares of a par value of $53,200 on which admittedly plaintiff was entitled to a commission of five per cent, or $2,660, and that plaintiff personally obtained subscription for 12 shares of a par value of $1,200 on which he was entitled to a commission of twenty-five per cent, or $300, making in all commissions of $2,960 upon which payment of $950 had been made by defendant leaving unpaid a balance of $2,010, I think that plaintiff made out a *prima facie* case which required rebuttal. But in addition to this concession the plaintiff's case was materially strengthened by the proof submitted that Siggins, defendant's secretary, in May or June, 1921, had checked up plaintiff's account and found that there was due plaintiff $1,860 and which was subsequently confirmed by defendant's treasurer with the statement that if the defendant had the money the account would be liquidated for that sum. Furthermore, it was at the suggestion of Evans that plaintiff wrote the defendant relative to the non-payment of his commission account and that letter together with the reply thereto by the president of defendant was competent proof on the main question at issue as to when and on what

basis plaintiff's commissions were payable. If these communications had been received in evidence plaintiff's proof would have been materially augmented and would no doubt have resulted in a denial of the motion for a directed verdict notwithstanding the agreement of April 21, 1921, which we conclude was improperly received over plaintiff's objection and exception. This paper writing provided in effect that the rate of commission on any stock previously sold or to be sold for defendant would be twenty per cent on any and all moneys actually received only. While it is true that this memorandum was signed by plaintiff and all his salesmen it is plainly apparent so far as plaintiff is concerned that aside from its lack of consideration, it is not binding on plaintiff in view of the admissions of defendant through its officials in the month of May or June following that there was due plaintiff $1,860 on the five and twenty-five per cent basis above referred to. Finding as we do that plaintiff made out a *prima facie* case it follows that the judgment should be reversed and new trial ordered, with costs to appellant to abide the event.

GUY and BIJUR, JJ., concur.

Judgment reversed.